**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

LIONEL FRANKLIN,                                       **COMPLAINT**

       Plaintiff,

   v.

                                       Civil Action No.

VIRTUOSO SOURCING GROUP, LLC

                                       **JURY TRIAL DEMANDED**

       Defendant.

---

## COMPLAINT

### I.    INTRODUCTION

1.    This action is brought by Plaintiff Lionel Franklin for statutory damages against Defendant Virtuoso Sourcing Group, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.    JURISDICTION

2.    Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

### III.    PARTIES

3.    Plaintiff Lionel Franklin is an individual who resides in Chicago, Illinois.

4.    Mr. Franklin is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.    Defendant Virtuoso Sourcing Group, LLC ("VSG") is a is a is a foreign limited liability company organized under the laws of the State of Colorado located at 3033 South Parker

Road #1000, Aurora, CO 80014.  Defendant's agent is Illinois Corporation Service Company located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

6.      VSG is licensed by the State of Illinois as a Collection Agency, License Number 017021434.

7.      VSG is engaged in the collection of debts from Illinois consumers using the mail and telephone.

8.      VSG regularly attempts to collect consumer debts alleged to be due to another.

9.      VSG was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

IV.   **FACTUAL ALLEGATIONS**

10.     Mr. Franklin allegedly incurred a debt to AT&T Wireless (hereinafter referred to as "the Debt.").

11.     The Debt was incurred for personal, family, or household purposes, *i.e.*, the cost of a telephone bill.

12.     Mr. Franklin was unable to pay the Debt.

13.     VSG obtained the Debt after it was in default.

14.     On or about August 17, 2012, VSG arranged for the preparation and transmittal of a letter to Mr. Franklin's residence in an attempt to collect the Debt.

15.     On or about September 12, 2012, Mr. Franklin called VSG and spoke with a female employee or agent of VSG, possibly named Veronica (hereinafter, "Veronica" refers to the person with whom Mr. Franklin spoke on or about September 12, 2012.).

16.     Mr. Franklin asked Veronica how much the balance was and whether there were

any collection fees.

17.     Veronica stated that the balance was $488.30 and there were collection fees of $74.49.

18.     Mr. Franklin asked how long VSG had the debt. Veronica stated "since last month the 16th".

19.     Mr. Franklin stated that he wanted to dispute it.

20.     Veronica stated, "You have to send us a letter to the address listed on the letter."

21.     Mr. Franklin stated, "Can I just dispute this now over the phone?"

22.     Veronica stated, "No... You have to send us a letter. Why do you want to dispute this debt anyway? Do you not believe the debt is valid? I have to have a reason why."

23.     Mr. Franklin stated he just wanted to dispute the debt in general.

24.     Veronica stated, "You need to give me a reason why."

25.     Mr. Franklin again stated that he wanted to dispute the debt.

26.     Veronica stated, "What about it. Why do you want to dispute it?"

27.     Mr. Franklin clarified whether he had to dispute the debt by sending a letter.

28.     Veronica stated, "Yes."

29.     VSG's August 17, 2012, letter states that a written dispute is required in order to receive verification, but contains no writing requirement for a dispute to prevent Defendant from assuming the debt valid.

30.     The FDCPA permits oral disputes pursuant to 15 U.S.C. § 1692g(a)(3). *Camacho v. Bridgeport Fin., Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005).

## V.     <u>COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT</u>

31.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

32.     Defendant's violations of the FDCPA include, but are not limited to

    A.     using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and e(10);

    B.     stating that a debt may not be disputed orally in violation of 15 U.S.C. §§ 1692e, e(10), and g(a)(3); and

    C.     contradicting and/or overshadowing the consumer's right to dispute the alleged debt within thirty days of receipt the language required by 15 U.S.C. § 1692g(a) in violation of 15 U.S.C. § 1692g(a).

33.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## VI.     <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff Lionel Franklin requests that judgment be entered in his favor against Defendant Virtuoso Sourcing Group, LLC:

    A.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.     For such other relief as the Court may find to be just and proper.

## VII.    <u>JURY DEMAND</u>

Plaintiff Lionel Franklin hereby demands that this case be tried before a Jury.


 s/ Keith J. Keogh
Keith J. Keogh
Craig Shapiro
Timothy J. Sostrin
Katherine M. Bowen
KEOGH LAW, LTD.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
keith@keoghlaw.com

ATTORNEYS FOR PLAINTIFF LIONEL FRANKLIN